

# The Attorney General of Texas

June 7, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Mr. Harvey Davis
Executive Director
Texas Department of Water Resources
1700 N. Congress Avenue
Austin, Texas

Opinion No. H- 1177

Re: Jurisdiction of Texas Water Commission regarding approval of plans for the construction of drainage facilities in Harris County Flood Control District.

Dear Mr. Davis:

You ask whether plans for a drainage project which have been approved by the Harris County Flood Control District must also be approved by the Texas Water Commission pursuant to section 16.238 of the Water Code. The drainage projects you inquire about are to be constructed by entities other than the Harris County Flood Control District.

Section 16.238 of the Water Code provides in part:

> (a) No person, corporation, or levee improvement district may construct, attempt to construct, cause to be constructed, maintain, or cause to be maintained any levee or other such improvement on, along, or near any stream of this state that is subject to floods, freshets, or overflows so as to control, regulate, or otherwise change the floodwater of the stream without first obtaining approval of the plans by the commission.

In Attorney General Opinion H-328 (1974) we considered whether this provision applied to the construction of lateral drainage facilities. We stated as follows:

> Only those levees or improvements need be approved which are constructed, or maintained on, along or near one of the described streams 'so as to control, regulate, or otherwise change the flood water of the

> stream.'   Whether ... this requirement extends to the
> construction or improvement of ... lateral drainage
> facilities depends on the facts in a given situation, and
> resolution of this question should at least initially be made
> by the [Water Development] Board subject to judicial
> review. <u>Security State Bank of San Juan v. State</u>, 169 S.W.2d
> 554 (Tex. Civ. App. — Austin 1943, err. ref'd., w.o.m.)

Attorney General Opinion H-328 (1974). We concluded that the plans for lateral drainage facilities should be submitted to the Board for its determination of the relevant fact questions.

In Attorney General Opinion H-328 we also determined that the Harris County Flood Control District was subject to the requirements of section 16.238. The Legislature subsequently enacted the following amendment to the statute creating the Harris County Flood Control District:

> 3A.   Projects proposed to be constructed by the Harris
> County Flood Control District, other than levees and
> structures related to levees, shall be under the control of
> the Commissioners Court acting as the governing board for
> the District. The findings of the Commissioners Court as to
> the plan of work, the necessity, the location, and the type of
> improvement of a project covered by this section shall be
> final and not subject to review.

Acts 1975, 64th Leg., ch. 593, at 1877. We considered this amendment in Attorney General Opinion H-915 (1976) and determined that the Harris County Flood Control District was no longer required to submit its plans for projects other than levees and structures relating to levees to the Water Development Board.

We believe the language of section 3A is clear. It applies only to projects "to be constructed by the Harris County Flood Control District" and not to projects to be constructed in Harris County by other persons or corporations. We do not believe the District's approval of another entity's drainage project converts it into a project "to be constructed by the ... District" or otherwise exempts it from the requirements of section 16.238. The plans for such a project must also be submitted to the Department of Water Resources for an initial determination as to whether the construction will "control, regulate, or otherwise change the floodwater of the stream" and thus be subject to section 16.238.

## S U M M A R Y

A drainage project to be constructed by an entity other than the Harris County Flood Control District is not exempted

from section 16.238 of the Water Code merely because the plans have been approved by the District.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn